UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HORACE CROOKS<br>*Petitioner*, | )<br>)<br>) | CASE NO. 3:22-cv-1467 (KAD) |
| v. | )<br>) | |
| UNITED STATES OF AMERICA,<br>*Respondent*. | )<br>) | APRIL 27, 2023 |

**MEMORANDUM OF DECISION**
**RE: 28 U.S.C. § 2255 PETITION (ECF NO. 1)**

Kari A. Dooley, United States District Judge:

Following a plea of guilty, by judgment dated June 28, 2021, Petitioner Horace Crooks was convicted of conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349.[1] Petitioner was sentenced to a period of incarceration of one year and one day. He did not file an appeal. Petitioner, a Jamaican national, completed his term of imprisonment on August 25, 2022, and was transferred to the custody of the U.S. Immigration and Customs Enforcement ("ICE"). He filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 on November 17, 2022.[2] Petitioner challenges his conviction asserting that his attorney rendered ineffective assistance of counsel by withholding discovery, not discussing his plea before appearing in court, and not telling him that pleading guilty would affect his immigration status. For the reasons set forth below, the petition is DISMISSED. (ECF No. 1)

**Background & Procedural History**

On October 16, 2018, a Federal Grand Jury returned ten-count indictment against the Petitioner and his two co-defendants. Petitioner was charged in Counts One and Two with Mail Fraud in violation of 18 U.S.C. § 1341, in Counts Three through Nine with Wire Fraud in violation

---

[1] *See United States v. Crooks,* 3:18-cr-253 (KAD) (D. Conn. June 28, 2021), ECF No. 241.
[2] The Petition is dated October 28, 2022, though it was not received by the Clerk of Court until November 17, 2022.

of 18 U.S.C. § 1343, and in Count Ten with Conspiracy to Commit Mail and Wire Fraud in violation of 18 U.S.C. § 1349. On September 25, 2019, Petitioner pled guilty to the conspiracy charge in Count Ten of the indictment. At his change of plea, Petitioner confirmed that he was able to communicate with and understand his attorney and that he had sufficient time and opportunity to consult with his attorney regarding the charges and his decision to plead guilty. The Court also canvassed Petitioner on the potential ramifications of a guilty plea on his immigration status. *See* Tr. 9/25/2019 at 8:6–10. Petitioner's sworn statements at the plea hearing establish that he understood that his plea could result in a number of adverse immigration consequences, including removal and deportation, and that he had adequate time to talk to his attorney about these consequences. *See id.* at 9:6–10:10. In addition, Petitioner's plea agreement provided: "Further, the defendant understands that if he is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future," and that "defendant understands that he is bound by his guilty plea regardless of the immigration consequences of the plea." *United States v. Crooks,* 3:18-cr-253 (KAD) (D. Conn. Sept. 25, 2019), ECF No. 98.

On June 28, 2021, the Court imposed a sentence of one year and one day on Count Ten. During the sentencing proceeding, Petitioner's attorney argued that the Court should consider that "the removal and deportation aspect of this case" is a "huge" sentencing factor, and given the nature of the offense, "deportation is a real likelihood." Tr. 6/18/2021 at 20:9-13; 21:15–19. Petitioner did not file a direct appeal of his conviction or sentence.

On August 25, 2022, Petitioner completed his term of imprisonment and was transferred to ICE custody. On October 28, 2022, Petitioner executed his Motion to Vacate, Set Aside, or Correct Sentence. ECF No. 1 at 12. On November 10, 2022, an immigration judge ordered

Petitioner removed from the United States. Petitioner did not appeal his removal order. On November 17, 2022, Petitioner's § 2255 motion was received and filed by the Clerk of Court. On January 26, 2023, Petitioner was deported to Jamaica.

**Applicable Legal Provisions**

"Pursuant to § 2255, a federal prisoner may move to vacate, set aside, or correct his sentence [or conviction] on four grounds: (1) 'that the sentence was imposed in violation of the Constitution or laws of the United States, or (2) that the court was without jurisdiction to impose such sentence, or (3) that the sentence was in excess of the maximum authorized by law, or (4) is otherwise subject to collateral attack.'" *United States v. Hoskins*, 905 F.3d 97, 102 (2d Cir. 2018) (quoting 28 U.S.C. § 2255(a)) (brackets omitted). These are "jurisdictional [or] constitutional" issues that create "a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." *See Hill v. United States*, 368 U.S. 424, 428 (1962).

Petitioner bears the burden of proving that a miscarriage of justice occurred. *United States v. Hoskin*, 905 F.3d 97, 103 (2d Cir. 2018); *see also Napoli v. United States*, 45 F.3d 680, 683 (2d Cir. 1995) ("The burden falls therefore falls upon petitioners to demonstrate their entitlement to relief under § 2255. . . ."). In evaluating a petitioner's claim, "a district court need not assume the credibility of factual assertions . . . where the assertions are contradicted by the record in the underlying proceeding." *Puglisi v. United States*, 586 F.3d 209, 214 (2d Cir. 2009). "Indeed . . . when the judge that tried the underlying proceedings also presides over the § 2255 motion, a less-than full-fledged evidentiary hearing may permissibly dispose of claims where the credibility assessment would inevitably be adverse to the petitioner." *Id.*

**Discussion**[3]

The Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year statute of limitations on habeas petitions filed under section 2255. *See* 28 U.S.C. § 2255(f). Absent exceptional circumstances, that one-year limitations period begins to run from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Where the petitioner did not file a direct appeal, the § 2255(f)(1) limitations period begins to run upon the expiration of the period for filing that appeal. *See Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) ("[F]or purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires."). Alternatively, § 2255(f)(4) provides that the one-year time period to file a § 2255 petition runs from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

Respondent argues that the present petition should be dismissed as untimely. Petitioner appears to respond that he filed the petition when he learned that pleading guilty did, in fact, affect his immigration status in September 2022, due to his transfer to ICE custody and subsequent deportation to Jamaica. Petitioner's argument is misplaced.

Judgment entered against Petitioner on June 28, 2021, and he did not file an appeal. Thus, the judgment became final and the limitations period began to run fourteen days later on July 12, 2021 and expired on July 12, 2022. Petitioner did not file his § 2255 petition until—at the very earliest—October 28, 2022, when he executed his petition. The petition was received by the Clerk of Court and actually filed on November 17, 2022. Regardless of whether the petition was deemed

---

[3] The Court does not include any discussion regarding the standards for assessing a petition which alleges ineffective assistance of counsel, the basis upon which Petitioner seeks relief. Insofar as the Court has determined that the Petition is barred as untimely, no discussion on the merits is warranted.

filed on October 28, 2022 when executed or November 17, 2022 when received, the petition is untimely under § 2255(f)(1).

Section 2255(f)(4) likewise does not save the instant petition. On this record, Petitioner could have, with due diligence, discovered that he was subject to deportation on September 25, 2019, the date of his change of plea. Indeed, the Court and his plea agreement advised him as much. And during his plea allocution, the Court canvassed Petitioner on the potential impact of his plea and conviction on his immigration status. Petitioner stated under oath that he read his plea agreement thoroughly and discussed it with his attorney and told the Court that he understood the immigration consequences of his guilty plea. A defendant's sworn admissions at a plea allocution "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). A district court is "entitled to accept a defendant's statements under oath at a plea allocution as true," *United States v. Maher*, 108 F.3d 1513, 1521 (2d Cir. 1997), and self-inculpatory statements made under oath at a plea allocution "are generally treated as conclusive in the face of the defendant's later attempt to contradict them." *Adames v. United States*, 171 F.3d 728, 732 (2d Cir. 1999). Additionally, "the subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge*, 431 U.S. at 74.

As such, based on the warnings given during Petitioner's change of plea, his acknowledgement in his plea agreement, as well as the arguments made at his sentencing on June 28, 2021, a reasonably diligent person would have discovered he was subject to removal proceedings as a result of his guilty plea and judgment of conviction well before the limitations period lapsed for the filing of this petition. *See Superville v. United States*, 711 F. Appx. 28, 31 (2d Cir. 2019). Indeed, on this record it is manifest that Petitioner was actually aware of the

immigration consequences of his plea at the time of his plea and certainly no later than the date of his sentencing when his lawyer sought leniency on the basis of his very likely deportation.

Finally, the Court addresses the doctrine of equitable tolling. Section 2255's one-year limitations period may be tolled in "some extraordinary" circumstances. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). Such circumstances will exist only in exceptional cases where the petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (quotation marks omitted). Such extraordinary circumstances have been found to exist where, *inter alia*, a prisoner's habeas petition was intentionally confiscated shortly before the filing deadline, *see Valverde v. Stinson*, 224 F.3d 129, 133 (2d Cir. 2000), a state court failed to inform a prisoner that his petition for leave to appeal was denied, *see Diaz v. Kelly*, 515 F.3d 149, 154–55 (2d Cir. 2008), or when an attorney failed to file a habeas petition on behalf of a prisoner, despite explicit directions to do so, *see Baldayaque v. United States*, 338 F.3d 145, 150–53 (2d Cir. 2003). The circumstances of this case do not rise to the level of "rare and exceptional circumstances" that would warrant equitable tolling of the limitations period. *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004) (internal quotation marks omitted).

Petitioner asserts only that he was prevented from filing his § 2255 petition within the statute of limitations because of a lack of knowledge and because he is a layman. ECF No. 1 at 11. However, courts "expect even *pro se* petitioners to know when the limitations period expires and to understand the need to file a habeas motion within that limitations period." *United States v. Wright*, 945 F.3d 677, 685 (2d Cir. 2019). There simply are no extraordinary circumstances warranting equitable tolling of the one-year statute of limitations, and the petition is therefore untimely and is dismissed.

**Conclusion**

For the foregoing reasons, no evidentiary hearing is necessary, and the petition is DISMISSED. (ECF No. 1) The Court shall not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitution right. *See* 28 U.S.C. § 2253(c)(2). The Clerk of the Court is directed to close this file.

**SO ORDERED** at Bridgeport, Connecticut, this 27th day of April 2023.

    */s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE